64885. THOMPSON v. THE STATE.

McMURRAY, Presiding Judge.

Defendant appeals from his conviction of armed robbery. His sole enumeration of error is that the trial court erred in denying the defendant's motion to suppress the pretrial identification evidence of the defendant in that the trial court impermissively placed the burden of proof upon the defendant in the hearing on the motion. *Held:*

Defendant bases his argument upon the law set forth in Code Ann. § 27-313 (Ga. L. 1966, pp. 567, 571) which places the burden of proof upon the state with reference to motions to suppress evidence illegally seized in an unlawful search and seizure, citing *Smith v. Hopper,* 240 Ga. 93, 95 (3) (239 SE2d 510); and *State v. Mabrey,* 140 Ga. App. 577, 579 (231 SE2d 461). However, we are not concerned here with a motion to suppress illegally seized evidence as was involved in the above cited cases. Only tangible physical evidence is subject to motions to suppress, and this was, in substance, a motion in limine. See *Williams v. State,* 147 Ga. App. 268 (248 SE2d 548); *Goswick v. State,* 150 Ga. App. 279, 281 (257 SE2d 303); *State v. Sanders,* 154 Ga. App. 305, 306 (4) (267 SE2d 906); *State v. Johnston,* 249 Ga. 413 (1), 414 (291 SE2d 543).

In the case sub judice, in the pretrial hearing with reference to several motions made by the defendant, no issue was raised as to the requirement that the state had the burden of proof, and the defendant proceeded to call several state witnesses in an attempt to show that during the investigative stage the rules as set forth in Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401); and *Payne v. State,* 233 Ga. 294, 299 (210 SE2d 775), were violated by the state in presenting the witnesses with photographs in order to identify the defendant. Thus, even if the burden of proof was upon the state to prove the lawfulness of the actions taken by the investigative officers in presenting the photographs to the witnesses to the robbery in order to obtain an identification of the defendant as the individual who committed the crime that burden was fully carried by the state in the

testimony of the state witnesses. There simply is no merit in this enumeration of error.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 22, 1982.

*John Russell Mayer,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.