### 68415. STEPHENSON v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for making harassing telephone calls in violation of OCGA § 16-11-39 (4). The sole enumeration of error is the denial of his motion to suppress evidence. *Held*:

The pertinent facts are as follows: A woman reported to police that she was receiving harassing telephone calls from a male. The police arranged to have the telephone company trace any future calls. When the woman subsequently received another such call, she did not break the connection by hanging up the phone, but went to another phone and informed the telephone company that the caller was on the line. A phone company employee in the telephone switch room traced the call and determined that it came from the number for defendant's residence. The employee then apparently "trapped" the call by preventing the two phones from being disconnected from each other, and notified the police. Police officers went to defendant's residence, received permission to check his telephone and discovered that his line was dead. They also discovered that the phone line had been cut outside of the house where it entered the building. The following day, in order to confirm the trapped call had come from defendant's residence, a telephone company employee and a police officer went to defendant's residence, and found no one at home. They went to where the line was cut outside of the house where the employee connected a test phone to the cut line. The police officer then spoke on the phone to another officer who was at the victim's phone, establishing that the harassing call had in fact come from defendant's telephone.

Defendant's motion to suppress the evidence that the phone company employee and the officer had entered on his property without a warrant or his permission, connected the test phone to the cut phone line and spoke with the officer waiting at the victim's phone, was denied.

No evidence of seizure of any tangible property was introduced, only the testimony of the police officer. Defendant reasserted his motion to suppress when the officer testified at trial.

"Only tangible physical evidence is subject to motions to suppress . . ." *Thompson v. State*, 164 Ga. App. 104 (296 SE2d 400).

" 'It is harmless error to overrule a motion to suppress evidence which is never introduced; furthermore, testimony is outside the scope of a motion to suppress, and should be objected to on the trial.

[Cit.]'[Cits.]" *Jackson v. State*, 146 Ga. App. 736 (247 SE2d 512).

"Insofar as the motion to suppress is directed at anticipated testimony, rather than 'property' (Code Ann. § 27-313 [now OCGA § 17-5-30]), the motion was properly overruled since a motion to suppress under Code Ann. § 27-313, which is the sole authority for such a motion, does not lie under these circumstances. [Cits.]" *Cauley v. State*, 130 Ga. App. 278 (1b), 282 (203 SE2d 239).

"The Fourth Amendment . . . protects only the content of a telephone conversation and not the fact that a call was placed or that a particular number was dialed. [Cit.] This is so because telephone subscribers have no reasonable expectation that records of their calls will not be made. It is, in fact, well known that such records are kept. [Cit.] For this reason the acquisition by the government by means of a pen register [a device which records the numbers dialed from a particular telephone] . . . of nothing more than information concerning the dates and times of calls placed from a particular telephone and the numbers dialed does not offend the Fourth Amendment. [Cit.]" United States v. Clegg, 509 F2d 605, 610 (5th Cir. 1975).

"The activity here took the form of installing and using a pen register. Since the pen register was installed on telephone company property at the telephone company's central offices, petitioner obviously cannot claim that his 'property' was invaded or that police intruded into a 'constitutionally protected area.' Petitioner's claim, rather, is that, notwithstanding the absence of a trespass, the State, as did the Government in *Katz*, infringed a 'legitimate expectation of privacy' that petitioner held. Yet a pen register differs significantly from the listening device employed in *Katz*, for pen registers do not acquire the *contents* of communications." Smith v. Maryland, 442 U. S. 735, 741 (99 SC 2577, 61 LE2d 220) (1979).

"Given a pen register's limited capabilities, therefore, petitioner's argument that its installation and use constituted a 'search' necessarily rests upon a claim that he had a 'legitimate expectation of privacy' regarding the numbers he dialed on his phone.

"This claim must be rejected. First, we doubt that people in general entertain any actual expectation of privacy in the numbers they dial." Id. at 742.

"Second, even if petitioner did harbor some subjective expectation that the phone numbers he dialed would remain private, this expectation is not 'one that society is prepared to recognize as "reasonable." ' Id.

"When he used his phone, petitioner voluntarily conveyed numerical information to the telephone company and 'exposed' that information to its equipment in the ordinary course of business. In so doing, petitioner assumed the risk that the company would reveal to police the numbers he dialed." Id. at 744.

The conduct in the instant case is analogous to the two foregoing cases. It consisted of determining whether a particular number had been called from defendant's telephone by connecting a test phone to the trapped line where it was cut outside defendant's residence. No contents of defendant's telephone conversations, which fall under the Fourth Amendment if OCGA § 16-11-66 does not apply, were intercepted by police authorities. Assuming arguendo that the entrance on defendant's property by the telephone company man and the policeman was unlawful, it was at most a technical trespass which did not invoke the Fourth Amendment.

" '[O]nce it is recognized that the Fourth Amendment protects people — and not simply "areas" — against unreasonable searches and seizures, it became clear that the reach of that Amendment cannot turn upon the presence or absence of a physicial intrusion into any given enclosure.' " *Bunn v. State*, 153 Ga. App. 270, 273 (265 SE2d 88).

"[T]he Fourth Amendment protects the citizen only from *unreasonable* searches and seizures, that is, search without warrant of those places where he is entitled to an expectation of privacy; it does not concern itself with mere technical trespasses but with those only which deprive the complainant of his privacy in an unreasonable manner." *Dunbar v. State*, 163 Ga. App. 243 (292 SE2d 897).

Accordingly, we find that the trial court did not err in denying the motion to suppress.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 5, 1984.

*Marcus R. Morris, F. Gregory Melton*, for appellant.
*Stephen A. Williams, District Attorney, J. O. Partain III, Ralph M. Hinman, Assistant District Attorneys*, for appellee.