## 69520. HUGGINS v. THE STATE.
(326 SE2d 821)

BIRDSONG, Presiding Judge.

Luther Clifton Huggins was convicted of armed robbery and sen-

tenced to life imprisonment. Huggins brings six enumerations of error pro se (asserting ineffective assistance of counsel) and his appointed counsel enumerates four alleged errors. *Held*:

1. The first enumeration of error alleges the general grounds. In support of the conviction, the jury was warranted in believing that on October 2, 1983, two housewares sales persons were showing their wares to the public from the back of their station wagon in the parking lot of a service station near Augusta. Two males, a black and a white, persuaded the sales persons to go to a different location where a larger potential source of customers might be present. As the party arrived at this location, the white male produced a pistol and successfully demanded that one of the sales people give up all his money. The black male relieved the other sales person of her wallet. The victims were then forced to go into some nearby woods, and the two robbers made good their escape.

The police were notified, and upon their arrival at the scene, a detailed description of the robbers was furnished. Based upon this description, it was established that the appellant Huggins might be a suspect. A police officer exhibited a group of pictures (including one of Huggins) taken from police files to the two victims. A group of seven photographs of white males and seven more of black males was exhibited to both victims. Based upon their recollection of the traumatic event, each of the victims picked out Huggins as one of the robbers. At trial, Huggins was positively identified as the man holding the pistol and the one who took the money from the male victim's wallet.

Opposed to this testimony was evidence offered by Huggins, his fiancé, his mother and another person that on the day and at the time of the robbery, Huggins was at another location.

In its case-in-chief, the State was unable to establish exactly how much money had been taken, although the witness testified that Huggins had taken "all" his money. Huggins now urges that the State failed to prove that anything of value had been taken. We find this aspect of the enumeration to be without merit. It is clear that sales of merchandise had occurred and money had been collected. The witness-victim reported to a police officer the actual sum of money having been taken. It is not essential that the State prove an exact amount to have been taken, so long as something of value is taken by force from the presence of the victim. *Bell v. State*, 227 Ga. 800, 801 (183 SE2d 357); *Maxey v. State*, 159 Ga. App. 503 (1) (284 SE2d 23). We are satisfied that the evidence presented was amply sufficient to satisfy a rational trier of fact of Huggins' guilt of the armed robbery of money beyond reasonable doubt. *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528). This enumeration is without merit.

2. In his second enumeration, Huggins through counsel urges

prejudice in the in-court identification because the earlier pictorial lineup may have been impermissibly suggestive and was unnecessary because the State had sufficient time to conduct a physical lineup; because the State did not have the pictures presented in the lineup available for consideration by the jury; and lastly because appellant's mother saw the two State's witnesses conversing with the prosecutor before the trial began and perhaps observed Huggins in a waiting room prior to the beginning of the trial.

We reject each of these predicates. There is no evidence in this record that indicates any of the pictures unduly pointed toward any particular person. Though there was substantial evidence of tattoos upon Huggins' body, the witnesses each identified Huggins by his facial features and did not observe tattoos in the pictures. There was no indication that the identification was not based solely upon the exposure of the victims to Huggins during the actual robbery. See *Heyward v. State*, 236 Ga. 526 (224 SE2d 383); *Talley v. State*, 137 Ga. App. 548, 551 (224 SE2d 455). We are aware of no requirement that the State delay display of a pictorial lineup shortly after the commission of the crime to aid in the identification of a culprit or remove suspicion from an innocent one in order to allow time to conduct a physical lineup in lieu of a photographic one. While a physical lineup may be more efficacious, this does not affect the propriety or admissibility of a legally conducted photographic lineup. As observed by the trial court, it certainly reflects more efficient and desirable police practice to isolate pictures used in a pictorial lineup so as to have those pictures present and better to inform a jury of the procedures used and allow that body the opportunity to weigh possible objections to the admissibility of the lineup. However, the absence of the pictures at the time of trial merely goes to the weight to be afforded the pictorial lineup and not to its admissibility. The last portion of Huggins' objection (that the witnesses might have seen Huggins prior to trial in the courthouse) at best is speculative. Secondly, though the information was known to Huggins' mother prior to trial, no objection was made on the basis of the prior and allegedly untimely view of Huggins until after the trial, verdict and sentence. This comes too late. See *Reaves v. State*, 242 Ga. 542, 551 (250 SE2d 376); *Williams v. State*, 238 Ga. 244 (232 SE2d 238).

3. Huggins urges error because after the trial court had allowed evidence that Huggins was a frequent customer of the service station where he first met the victims as evidence to explain the officer's subsequent lineup conduct, the court failed to repeat that instruction when Huggins' attorney objected to final argument by the State to the weight of that evidence. We find this enumeration patently to be without merit. The trial court though not giving a full recharge, reminded the jury that the evidence had been admitted for a limited

purpose. In the absence of a request for a limiting recharge, there is no error considering the care taken by the trial court. *McFarland v. State*, 109 Ga. App. 688, 689 (137 SE2d 308). See also *Williams v. State*, 151 Ga. App. 683 (3) (261 SE2d 430).

4. Appellant's enumeration of error no. 4 has expressly been abandoned and requires no discussion. *Ridley v. State*, 141 Ga. App. 854, 855 (234 SE2d 688).

5. Huggins, pro se, has raised a separate enumeration dealing with the inadequacy of representation. He bases this upon contentions that his counsel was informed that he (Huggins) had a beard and mustache at the time of the alleged robbery, yet no mention was made of this during the trial; that counsel failed to subpoena a witness who could have contributed to possible impeachment of one of the victims; that counsel did not attempt to avoid the introduction of a pictorial lineup where the State had ample time to prepare and conduct a physical lineup; that counsel failed to object to a remark made by the trial court when commenting upon the testimony of one of the victims concerning her identification; and that counsel failed to object to cross-examination of Huggins concerning whether he had a particular tattoo on his back.

Counsel for Huggins appended an affidavit for consideration by the trial court and this court in ruling on several of these contentions. Counsel avers that he was never made aware of a beard or mustache until after trial. Huggins' mother, fiancé and friend likewise did not mention this peculiarly personal identifying mark when testifying. Likewise, counsel avers that a subpoena for the witness Huggins desired to be called was in fact issued but the witness was not called after discussion with Huggins and with his consent. The remaining complaints made by Huggins are tactical in nature; they involved a comment made by the trial court when ruling on an objection, and an inquiry into certain tattoos which had been developed fully through the testimony of other witnesses. We find no merit in any of these objections to counsel's conduct of Huggins' defense and certainly, even in hindsight, find no merit in a contention that counsel afforded Huggins less than an adequate defense. In fact counsel was successful to the extent that a second count of armed robbery resulted in acquittal. See *Riley v. State*, 237 Ga. 124, 129-130 (226 SE2d 922); *Suits v. State*, 150 Ga. App. 285, 286 (257 SE2d 306).

*Judgment affirmed. Carley, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED FEBRUARY 8, 1985.

*O. L. Collins*, for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.