*Robert L. Neal,* for appellee.

## 71194. BROWN v. THE STATE.
### (335 SE2d 696)

BANKE, Chief Judge.

The appellant was convicted of one count of selling cocaine and nine counts of selling marijuana in violation of the Controlled Substances Act. He was also convicted of three counts of selling counterfeit substances. On appeal, he contends that the trial court erred in admitting evidence of a pre-trial photographic "lineup" at which he was identified by the police undercover agent to whom all the alleged sales were made. Specifically, he contends that the photographic display should have been presumed suggestive due to the state's failure to preserve the other photographs comprising it. He further contends that the identification evidence as a whole was insufficient to support the jury's verdict.

At the hearing on the appellant's motion to suppress the evidence of the pre-trial identification procedure, the police officer who conducted the procedure, Lt. Davis, testified that in selecting the photographs which were displayed to the undercover agent he did not have any particular suspect in mind but merely displayed file photos of several persons who were reported to have been present in the areas of town where the agent had been making his drug purchases. Lt. Davis further testified that the undercover agent had already made 11 of the 13 purchases for which the appellant was being tried, with the remaining two purchases being made during the following two weeks. The undercover agent corroborated this testimony, stating that he had formerly referred to the appellant as "the beige cap man" and had chosen his photo "right away" from a group of about ten. The agent further testified, "I'd been dealing with this man all summer, I could never forget this man." *Held:*

1. The appellant cites *Branch v. Estelle,* 631 F2d 1229, 1234 (5th Cir. 1980), for the proposition that where law enforcement officials fail to preserve the photos comprising a pre-trial photographic "lineup," there is a presumption that the display was impermissibly suggestive. Assuming *arguendo* that such a presumption existed in the present case, we hold that it was adequately rebutted by the testimony regarding the manner in which the photographs were chosen for the display. It is clear that the appellant's photo was included in the display not because he was suspected of having been involved in any particular drug transaction but because he was one of several persons (whose photographs were also included in the display) who were reported to have been seen in the areas where the undercover agent had

been making his drug purchases. No motive would have existed, under these circumstances, for inducing the undercover agent to choose the appellant's photo in preference to any of the others in the display. Consequently, we hold that the trial court was authorized to conclude that the display was not impermissibly suggestive. Accord *Thompson v. State*, 164 Ga. App. 104 (296 SE2d 400) (1982).

2. Any issue of mistaken identification was for the jury to resolve, the evidence as a whole being amply sufficient to enable a rational trier of fact to find the appellant guilty of each count of the indictment beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 19, 1985.

*William D. Gifford*, for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Assistant District Attorney*, for appellee.