### 72404. MULLINNIX v. THE STATE.
(345 SE2d 650)

McMURRAY, Presiding Judge.

Defendant appeals from his conviction of a violation of the Georgia Controlled Substances Act, selling cocaine. *Held*:

1. Defendant's first enumeration of error challenges the sufficiency of the evidence. The State's evidence shows that an undercover Georgia Bureau of Investigation ("GBI") agent arranged a purchase of cocaine. Later, the GBI agent was waiting at an arranged rendezvous when two men arrived in an automobile. The passenger reached out the window and handed the cocaine to the agent. The agent handed the money to the passenger who handed it to the driver. The agent positively identified the defendant as the passenger who had handed her the cocaine and received the money. Any issue of mistaken identification was for the jury to resolve. *Brown v. State*, 176 Ga. App. 204, 205 (2) (335 SE2d 696). The evidence presented at trial was sufficient to enable a rational trier of fact to find the defendant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Mason v. State*, 177 Ga. App. 184, 187 (6) (338 SE2d 706).

2. " ' "A mere objection to improper argument of counsel, without more, is not sufficient to invoke a ruling of the court; and in the absence of a specific motion either for a mistrial, or that the jury be instructed to disregard the argument, it was not error to fail to grant a mistrial or to instruct the jury." *McCoy v. Scarborough*, 73 Ga. App. 519 (6) (37 SE2d 221).' *Campbell v. State*, 111 Ga. App. 219 (5) (141 SE2d 186) (1965)." *Holt v. State*, 147 Ga. App. 186, 187 (5) (248 SE2d 223). See also *Lamb v. State*, 171 Ga. App. 350, 351 (1) (319 SE2d 520); *Jordan v. State*, 172 Ga. App. 96, 98 (4) (322 SE2d 106).

3. Defendant contends that the acquittal of a co-defendant (the alleged driver of the automobile) rendered his conviction void on the ground of repugnancy. "Where two persons are jointly indicted for an offense which does not require in its commission the joint act of both, but may be separately committed by either, a verdict finding one of the defendants guilty, if supported by the evidence would be authorized." *Smith v. State*, 85 Ga. App. 129 (4) (68 SE2d 393). See also *Easterling v. State*, 12 Ga. App. 690 (3) (78 SE 140). This enumeration of error is without merit.

*Judgment affirmed. Pope, J., concurs. Carley, J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED MAY 14, 1986.

*Robert M. Boulineau*, for appellant.
*Joseph H. Briley, District Attorney, Frederic D. Bright, Assistant District Attorney*, for appellee.