72705. JACKSON v. THE STATE.
(349 SE2d 252)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of aggravated assault. *Held:*

1. Defendant's first enumeration of error challenges the sufficiency of the evidence. The State's evidence shows that the victim was standing outside his apartment when the defendant approached. Defendant accused the victim of stealing his television and attacked the victim, stabbing him with a knife. After stabbing the victim, defendant left the scene. Considering the evidence in the light most favorable to the verdict, a rational trier of fact reasonably could find defendant guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Mul-*

*linnix v. State*, 179 Ga. App. 104 (1) (345 SE2d 650).

2. During the direct examination of a defense witness, defense counsel asked "How well do you know [the defendant]?" The witness responded, "I only knew him from the time he got out of jail, because his lady friend —" Defense counsel objected, on the grounds that the answer was not responsive to the question, and requested that the answer be stricken and the jury instructed to disregard it. The trial court overruled defense counsel's objection after concluding that the answer was responsive to the question asked. Defense counsel then moved for a mistrial on the grounds that allowing the witness' testimony put defendant's character in evidence without him having done so. This motion for mistrial was denied. Defendant now enumerates as error the denial of the motion for mistrial.

Defendant argues that the witness' answer at issue was unresponsive to the question asked in that it related not to the query "how well" (the defendant was known) but instead to the query "how long." However, we agree with the trial court's conclusion that the answer was responsive to the question asked by defense counsel. The length of time that people have known each other is a factor in "how well" they know each other. See generally *Stancil v. State*, 157 Ga. App. 189 (1) (276 SE2d 871). Thus, defendant was responsible for the introduction of any evidence which might be construed to improperly place his character in issue. Therefore, defendant is in no position to complain as any error was procured by his conduct. See *Cherry v. State*, 174 Ga. App. 145, 146-147 (4) (329 SE2d 580); and *Ward v. State*, 175 Ga. App. 410 (2) (333 SE2d 669). This enumeration is without merit.

3. At trial, defendant sought, by motion in limine, to prohibit the State in its cross-examination of a defense witness from inquiring as to whether defendant and the witness had fabricated their testimony while they were incarcerated. Defendant argues that the denial of his motion in limine permitted the State to elicit evidence of defendant's incarceration, thus placing his character in issue. However, evidence that an accused has been confined in jail in connection with the case at issue does not place his character in evidence. *Fields v. State*, 176 Ga. App. 122, 123 (335 SE2d 466); *Williams v. State*, 242 Ga. 757, 758 (2) (251 SE2d 254); *Dollar v. State*, 149 Ga. App. 97, 98 (3) (253 SE2d 461). This enumeration is without merit.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 19, 1986.

L. James Weil, Jr., for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin

*H. Oehlert III, A. Thomas Jones, Assistant District Attorneys*, for appellee.