75710. DANIEL v. THE STATE.
(363 SE2d 634)

DEEN, Presiding Judge.

Appellant Jack B. Daniel, Jr. was indicted and tried for one count of armed robbery and two counts of recidivism. Found guilty of all three counts and sentenced to life imprisonment, he appeals from the denial of his motion for new trial.

The evidence introduced at trial showed that on July 29, 1985, the Golden Pantry Store in Oconee County was robbed. The store closed at 11 p.m., and after completing the paperwork and cleaning up, the clerk on duty that night was returning from the trash dumpster when he heard someone running behind him and was accosted by two black males wearing stocking masks. One of the men had a gun and the other had a knife with an eight-to-ten-inch blade. The clerk was forced to open the safe from which the men removed a red Oconee State Bank deposit bag containing about $2,000 in bills, and fled. During the robbery the mask on the man with the knife worked up over his nose, and the clerk recognized him by his features and distinctive facial hair as having been in the store previously. Appellant was identified in court by the clerk as this robber.

Another witness testified that while studying late on the night in question in his home across the street from the store he saw two black men who were "acting suspiciously" enter it after store hours. While the witness watched through the scope of his deer rifle, he told his wife to call the police. Moments after the men ran out of the store, a deputy sheriff arrived and, almost simultaneously, a brownish Ford Torino automobile raced away at high speed. After receiving a radio report another deputy spotted the car, occupied by two black males,

and gave chase. Before he caught up with the car, however, it was wrecked and abandoned. Found inside was a billfold containing appellant's driver's license, stocking masks, a gun and a knife. The masks and gun were identified by the victim as the ones used in the robbery, and the knife was described as "similar" in size and make. A red Oconee State Bank money bag was also found in the car, but it contained coins rather than bills.

The next day a photographic lineup was assembled by placing appellant's driver's license and the driver's licenses of five other men of similar age and physical features, including mustaches and facial hair, in a manila folder with holes cut out to display the men's photographs. The victim identified appellant as one of the men who robbed him. Appellant was arrested the following day, and the photograph taken when he was booked showed that his mustache and facial hair were as described by the victim, and that the shirt he was wearing fit the description given by the other witness who observed the robbery through his rifle scope.

Appellant presented evidence that on the day in question he was picked up at his home in Athens shortly before noon by his friends John Wesley Cooper and Tony Robinson, in Robinson's brown Ford Torino. The three drove around drinking beer and visiting various clubs and cafes until Cooper was taken home sometime between 6:30 and 8:00 p.m. After a stop to get gas and a visit to appellant's grandmother, Robinson dropped appellant off at his house between 8:00 and 9:00 p.m. Appellant spent the rest of the evening at home with his wife and children, except for a visit at 9:30 from his brother. Tony Robinson testified that he had pled guilty to having committed the armed robbery appellant was being tried for, but that another man, not appellant, was with him that night. However, the State introduced a transcript of Robinson's guilty plea in which he identified appellant as the man holding the knife during the robbery.

1. Appellant contends that the trial court erred in allowing in evidence a red bank bag because the foundation laid for its admission implied that it was the bag taken during the robbery when it actually was not. The bank bag was submitted in evidence along with the other items retrieved from the Ford Torino, and was admitted only after defense counsel expressly stated he had no objection to admission of any of them. However, when the district attorney asked the detective who found the bag whether there were "any coins taken in this robbery," and the witness replied that he thought the victim had said it was all cash and checks, defense counsel objected on the ground that from the detective's testimony the jury could only infer that there had been another robbery and thus the defense was estopped from cross-examination. Appellant's attorney also asserted that the State knew the bag had not been taken in the robbery on

trial but wanted the jury to believe it did, and moved for a mistrial. The trial judge denied the motion, but struck the testimony as to what another witness had said, instructed the jury to disregard the statement attributed to the other witness, and polled the jury to determine that each one of them would disregard the stricken answer.

From our review of the testimony before the jury and the colloquy outside the presence of the jury concerning this incident, we find no harm occurred necessitating a mistrial. There was no attempt made by the State to connect the red bag, which was a common bank deposit bag available to anyone, to any robbery, merely to introduce it as one of the items found in the suspect's vehicle. Having examined the questions, statements, and testimony pointed out in connection with this enumerated error, we find that the trial judge's instructions to the jury were sufficient to prevent any prejudice to appellant in regard to his commission of another crime. See *Hackney v. State*, 233 Ga. 416 (4) (211 SE2d 714) (1975). In any event, "the failure to renew the motion for mistrial after the curative instructions waives the denial of the motion as an error on appeal. [Cits.]" *McLendon v. State*, 181 Ga. App. 851-52 (354 SE2d 193) (1987); *Morgan v. State*, 181 Ga. App. 113 (1) (351 SE2d 517) (1986).

2. Appellant complains that the out-of-court photographic lineup was impermissibly suggestive and therefore the trial court erred in overruling his motion to suppress evidence of his identification. It appears that between the time the lineup was displayed to the victim and the time of trial, one of the driver's license photographs used in the display had been returned to its owner, who could not be located so as to reproduce the lineup in its original form. Thus at trial a xerox copy of the original photo was substituted. A xerox copy of the whole lineup as it was originally presented was also submitted.

Appellant argues that where law enforcement officials fail to preserve the photos comprising a pretrial photographic lineup, there is a presumption that the display was impermissibly suggestive, which was not rebutted here. We do not agree. Even assuming that the fact that one of the six original pictures was missing at the trial would raise such a presumption, its absence "merely goes to the weight to be afforded the pictorial lineup and not to its admissibility." *Huggins v. State*, 173 Ga. App. 457, 459 (2) (326 SE2d 821) (1985). Not only was any such presumption adequately rebutted by the testimony regarding the manner in which the photographic display was set up, there was no indication that the identification was not based solely upon the recognition of appellant by the victim during the actual robbery. *Brown v. State*, 176 Ga. App. 204 (1) (335 SE2d 696) (1985); *Huggins v. State*, supra. Under the totality of the circumstances here we find no substantial likelihood of misidentification or that the procedure involved in the photographic display was impermissibly suggestive.

*Davis v. State*, 180 Ga. App. 573 (3) (349 SE2d 805) (1986). Accord *Baxter v. State*, 254 Ga. 538 (11) (331 SE2d 561) (1985).

3. Appellant asserts error in the charge of the court that the jury could consider his interest in the outcome of the case in determining his credibility because such an instruction had the effect of focusing the jury's attention on his testimony and made it less credible. Appellant concedes that under Georgia law the charge as given was proper, the courts having consistently held that such an instruction merely states a self-evident fact and is not prejudicial. See, e.g., *Pitts v. State*, 253 Ga. 461 (5) (321 SE2d 708) (1984); *Phelps v. State*, 245 Ga. 338 (6) (265 SE2d 53) (1980); *Henderson v. State*, 153 Ga. App. 801 (8) (266 SE2d 522) (1980). He also acknowledges that the majority of courts in other jurisdictions "have failed to recognize the error inherent in an instruction such as the one contested here." In view of the Supreme Court's approval of such a charge, even if we agreed that it denied a defendant a fair trial, we are precluded from reconsidering the issue.

4. Appellant's contention that the errors complained of reasonably led to his conviction does not comport with our review of the evidence, which must be viewed in the light most favorable to the verdict in the context of a motion for new trial. *Beck v. State*, 181 Ga. App. 681 (1) (353 SE2d 610) (1987). "The appellate court, when reviewing the general grounds, will not disturb the factfinder's conclusions, absent an error of law, if there is competent evidence to authorize a reasonable trier of fact to find appellant guilty beyond a reasonable doubt. We find sufficient competent evidence to support such a finding. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); [Cit.]" *Griggs v. State*, 181 Ga. App. 618 (1) (353 SE2d 97) (1987).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED DECEMBER 4, 1987.

*Edward D. Tolley*, for appellant.

*Harry N. Gordon, District Attorney, Kenneth W. Mauldin, Assistant District Attorney*, for appellee.