## 77925. SZCZUKA v. BELLSOUTH MOBILITY, INC.
### (375 SE2d 667)

McMURRAY, Presiding Judge.

Plaintiff William Szczuka was employed by Southern Bell as a network administrator in the marketing department. Using Southern

Bell's computer system, plaintiff ascertained an unpublished telephone number for a local radio station. (The station broadcasted another number which was to be used for call-in contests. By finding the unpublished number, plaintiff believed he would increase his chances of winning the station's call-in contests.) On November 14, 1985, plaintiff dialed the radio station's unpublished number using his personal mobile telephone and won a $5,000 cash prize.

Southern Bell suspected that plaintiff used proprietary company information to win the radio station contest. Accordingly, it asked defendant BellSouth Mobility, Inc., for a list of mobile telephone calls placed by plaintiff. Defendant furnished such a list to Southern Bell and plaintiff's employment was subsequently terminated.

Plaintiff brought suit against BellSouth Mobility, Inc., alleging it wrongfully disclosed the list of plaintiff's mobile telephone calls in violation of state and federal law. Defendant answered the complaint, denied liability, and moved for summary judgment. The trial court denied defendant's summary judgment motion initially. Defendant renewed the motion, however, and it was granted ultimately. This appeal followed. *Held*:

Defendant did not violate state or federal law by furnishing plaintiff's employer with a list of mobile telephone calls placed by plaintiff. State and federal law prohibits the disclosure of the *contents* of telephonic or radio communications. See, e.g., OCGA § 16-11-62; 47 USCA § 605. The disclosure of information concerning what numbers were dialed from a particular phone is not prohibited. *Edwards v. State Farm Ins. Co.*, 833 F2d 535 (5th Cir. 1987). See *Stephenson v. State*, 171 Ga. App. 938 (321 SE2d 433). See also *Mitchell v. State*, 239 Ga. 3 (235 SE2d 509); *Van Nice v. State*, 180 Ga. App. 112, 116 (348 SE2d 515). Thus, plaintiff's cause of action cannot be sustained. The trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 21, 1988.

*Joseph A. Maccione*, for appellant.

*Kilpatrick & Cody, Edmund M. Kneisel, Frederick W. Johnson*, for appellee.