A91A1026. DOBBS v. THE STATE.

(407 SE2d 782)

BIRDSONG, Presiding Judge.

Benjamin Reece Dobbs appeals his judgment of conviction of aggravated assault, the denial of his motion for new trial, and the sentence. Appellant was convicted of aggravated assault upon John Johnson with a pistol and a baseball bat used as a deadly weapon. His sole enumeration of error is that the trial court erred in granting the State's motion in limine excluding evidence of the victim's first offender conviction. *Held:*

"A witness in a criminal or civil trial may be impeached by evidence that he has been convicted of a felony or a crime of moral turpitude." *Witcher v. Pender*, 260 Ga. 248 (392 SE2d 6); compare *Ford v. State*, 92 Ga. 459 (17 SE 667). "In balancing the rights of a first offender to be protected against having the stigma of a criminal record as opposed to the rights of a defendant in a criminal case to *impeach* the testimony of the witnesses against him, the latter prevails." (Emphasis supplied.) *Favors v. State*, 234 Ga. 80, 87 (3) (214 SE2d 645). In a criminal case, "where the testimony of a witness is sought to be impeached by conviction of a crime, the assumption is that such person may be untrustworthy as a witness and that the jury should be informed of this possible lack of trustworthiness in reaching their verdict. Such possible lack of trustworthiness is shown by a verdict of guilty, or plea of guilty, whether or not a formal conviction has been entered." *Favors*, supra.

However, the record reveals that, although the trial court ruled that a first offender conviction could not be used as a previous felony conviction and that neither side could use it as "original evidence," the trial court deferred its ruling as to the use of alleged first offender conviction "for the purpose of impeachment" or "rebuttal" testimony. At no later point in the trial did appellant attempt to introduce the first offender conviction in evidence or to seek to obtain an express ruling from the trial court as to the use of a first offender conviction for purposes of impeaching the State's primary witness, the alleged victim, John Johnson. The trial court made no error in this case; it never ruled at all on the issue of Johnson's impeachment, for appellant never subsequently called it into issue after the trial court's rul-

ing was deferred. See *Romano v. State*, 193 Ga. App. 682 (1) (388 SE2d 757).

Additionally, neither the State in presenting its motion in limine nor appellant's counsel in response thereto made a statement on the record identifying the nature of the alleged first offender conviction, that is, whether it involved a conviction for a felony or crime of moral turpitude. In fact, the trial tactics of the appellant included an assertion to the court that "we should at least be allowed to introduce a conviction, *if the man has one. We may not even introduce that.*" (Emphasis supplied.) This statement is to some degree misleading, regarding both the actual existence of a first offender conviction and of appellant's intent to introduce the same. " '[O]ne cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing.' " *West v. Nodvin*, 196 Ga. App. 825, 829 (3e) (397 SE2d 567); see *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JULY 2, 1991.

*Cowen & Cowen, Martin L. Cowen III*, for appellant.
*Robert E. Keller, District Attorney, Deborah C. Benefield, Assistant District Attorney*, for appellee.

