A92A2438. JACOBS v. THE STATE.
(429 SE2d 256)

BEASLEY, Judge.

Ricky Jacobs was convicted of rape, aggravated sodomy, and armed robbery, and his motion for new trial was denied.

1. Jacobs contends he was denied due process of law when the victim was permitted to identify him in court despite an impermissibly suggestive pretrial identification.

Three separate identifications of Jacobs were made by the victim. Several days after the crime, she selected his photograph as depicting her attacker, from a spread containing photographs of five other men of similar appearance. This effort was prompted by the victim's having seen a person in her neighborhood resembling the attacker.

The second identification was made at the preliminary hearing. At the request of Jacobs' attorney, the victim was brought to the hearing to determine whether she could identify Jacobs in person. Before the hearing, outside the courtroom, a police officer showed her a photocopy of the original photographic lineup, and presented her with her statement indicating which photograph she had identified as that of her attacker. She entered the courtroom and was told to look

around and see if she could pick out the attacker. Jacobs was present, along with numerous other men of similar size and appearance. Although she stood approximately eight or nine feet from Jacobs, the victim selected no one. Jacobs was then brought to the bench by himself directly across the counsel table from where the victim had been placed. No other men of similar appearance were present nearby. She identified him as her attacker.

The third identification was the in-court identification at trial.

Jacobs moved in limine to exclude the in-court identification. At a pretrial hearing on the motion immediately before trial, the trial court found that: the photo lineup was properly conducted and was admissible; the second identification was impermissibly suggestive and excluded from offer by the State; an in-court identification would be allowed, based on the victim's testimony at the hearing that her in-court identification was based on her view of the assailant at the time of the crime, rather than on her previous identification of him from the photographic lineup or the preliminary hearing.

Applying the rule of *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972), we find no error. Nothing in the record, either in the procedure used or in the composition of the spread of photographs, suggests that the first identification was impermissibly suggestive.

In contrast, the second identification was clearly impermissibly suggestive, and based on the factors set forth in *Neil*, gave rise to a substantial likelihood of irreparable misidentification. See *Bradley v. State*, 148 Ga. App. 722, 723-724 (2) (252 SE2d 648) (1979). However, the trial court ruled it admissible if the defense "opened the door" by bringing up the victim's initial inability to identify Jacobs at the preliminary hearing. That is exactly what occurred at trial. The defense went even further and elicited testimony regarding the one-on-one identification. Subsequently, on rebuttal, the victim was permitted to explain her initial inability to identify Jacobs, which she attributed to problems she was experiencing with her vision because of a torn contact lens. Since Jacobs' own trial strategy was responsible for admission, he has forfeited his right to complain. *Dobbs v. State*, 200 Ga. App. 300, 301 (407 SE2d 782) (1991).

As to the in-court identification, even where a pretrial identification has been found to be tainted, a subsequent in-court identification is admissible if it does not depend upon the prior, tainted identification but has some other, independent basis. *Arnold v. State*, 198 Ga. App. 449, 450 (1) (402 SE2d 69) (1991). The victim testified that her in-court identification of Jacobs was based on her opportunity to view him at the time of the crime, and thus it was not error to allow it.

2. Jacobs maintains the trial court erred by allowing the introduction into evidence of a xerox copy of the original photographic

lineup. At the time of trial, the State could not locate the original photographic lineup, which contained color photographs. A black and white xerox copy of that lineup was in the State's possession, however, having been used at the preliminary hearing. Jacobs objected to the admission of this exhibit, citing *Daniel v. State*, 185 Ga. App. 228, 230-231 (2) (363 SE2d 634) (1987), on the ground that loss of the original gave rise to a presumption, which the State had not rebutted, that the original display was impermissibly suggestive.

We find no support for this argument, in *Daniel* or elsewhere. In *Daniel*, the appellant argued that such a presumption arose from the absence of one of the original lineup photographs. We held only that, even assuming that the absence of one of the six original pictures raised such a presumption, this fact related only to the weight to be given the photographic lineup and not to its admissibility. Id. at 230 (2).

The same is true here. The exhibit, although a copy of the original photographic lineup, was not subject to a best evidence rule objection because it was primary evidence of the fact to be proved, that the victim was shown a photographic display from which she identified Jacobs' picture as that of her assailant. *Montgomery v. State*, 154 Ga. App. 311 (268 SE2d 723) (1980). The trial court found that the copy was of sufficient quality to enable the jury to assess her determination that the spread was not impermissibly suggestive. We have reviewed the exhibit and agree.

3. Jacobs contends the evidence was insufficient to support his conviction. Medical testimony showed that the victim was attacked. The victim described being grabbed at knifepoint, raped and sodomized, and she testified that her assailant snatched two gold chains from her neck and took money from her purse. She testified that she was able to view her attacker's face when she was attacked and identified Jacobs as the attacker. Jacobs claimed he was visiting relatives at the time, and several relatives supported his alibi, creating a conflict with the victim's testimony. The credibility of witnesses is an issue for jury determination. *Lawrence v. State*, 198 Ga. App. 287, 290 (4) (401 SE2d 275) (1991). The jury was properly instructed and chose to believe the victim.

Appellate courts consider only the sufficiency, and not the weight of the evidence. *Cox v. State*, 197 Ga. App. 240, 241-242 (5) (398 SE2d 262) (1990). The evidence was sufficient to authorize the jury to convict Jacobs of the charged crimes under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Jacobs asserts the prosecutor improperly placed his character in evidence in closing argument, when he twice referred to testimony previously given by Jacobs' aunt indicating that Jacobs came to stay with the family because "he was . . . on the run for something else

prior to his case." Because this defense witness had blurted out the unresponsive statement, the court had instructed the prosecutor at a bench conference, at the request of defense counsel, not to cross-examine the witness with regard to it. When the prosecutor referred to the statement in closing argument, Jacobs did not object, thus failing to preserve the matter for review. *Barnwell v. State*, 197 Ga. App. 116, 117-118 (4) (397 SE2d 717) (1990).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 22, 1993 —
RECONSIDERATION DENIED MARCH 10, 1993 — 

*Jeanne M. Canavan*, for appellant.

*Lewis R. Slaton, District Attorney, Barry I. Mortge, Assistant District Attorney*, for appellee.