48686. JACKSON et al. v. THE STATE.

DEEN, Judge. 1. Where the affidavit on which a search warrant is based shows that the information therein has been received from a third person, it must either state how the informer obtained the information or must describe the criminal activity in such detail that the magistrate can determine it is more than a casual rumor or accusation based on the individual's reputation. *Cain v. State,* 128 Ga. App. 146 (195 SE2d 797). How this may be accomplished is best analyzed in Justice White's concurring opinion in Spinelli v. United States, 393 U. S. 410, 423 (89 SC 584, 21 LE2d 637): "If the officer simply avers, without more, that there is gambling paraphernalia on certain premises, the warrant should not issue, even though the belief of the officer is an honest one as evidenced by his oath," citing Nathanson v. United States, 290 U. S. 41 (54 SC 11, 78 LE 159). He continues: "If an officer swears that there is gambling equipment at a certain address, the possibilities are (1) that he has seen the equipment; (2) that he has observed or perceived facts from which the presence of the equipment may reasonably be inferred; and (3) that he has obtained the information from someone else. If (1) is true, the affidavit is good. But in (2) the affidavit is insufficient unless the perceived facts are given, for it is the magistrate, not the officer, who is to judge of the existence of probable cause . . . With respect to (3), where the officer's information is hearsay, no warrant should issue absent good cause for crediting that hearsay." The affidavit under attack

here contains the officer's statement under oath that two informants had *seen* three types of drugs within the trailer sought to be searched within the past week. This sufficiently establishes source of information. *Burns v. State,* 119 Ga. App. 678 (168 SE2d 786).

2. As to one informant the affiant swore "that he has given reliable information in the past 1 1/2 years." This is a sufficient fact upon which to base reliability. *Davis v. State,* 127 Ga. App. 76 (192 SE2d 538). The reliability of the second informer is not vouched for by the affiant and it would be entitled to no credit except that, since it contains the same information as given by an informer whose reliability is vouched for, it is an additional circumstance to be considered in determining probable cause. See also *Strauss v. Stynchcombe,* 224 Ga. 859 (165 SE2d 302).

3. The statement that the drugs had been seen in the trailer in the past week coupled with the assertion that a drug party was being planned for the same date on which the warrant was procured is a sufficient showing that the information was not stale. The test is that "the occurrence should be so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant." *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447).

4. As to the remaining objections, the statement in the affidavit that it was sworn to by the affiant is prima facie sufficient proof of this fact. Examination of the written portion of the affidavit reveals that the description of the location of the trailer to be searched is adequate and specific; it is further described as issuing against "Randy Jackson and Glen Jones," the evidence "being concealed on the person of the named accused and on the premises," etc. The drugs found were in fact in the trailer and on the ground adjacent thereto, none being on the persons of Jackson or Jones. We note this because Jones was a visitor on the premises, and the name "Jackson" had in three places been changed by marking over the original word which appears to have been "Johnson." The defendants contend that when they saw the search warrant the name read "Johnson." This was contradicted by the affiant who said the name was corrected before he swore to it although he could not remember by whom. Noting that (a) this appears to be a palpable formal error; (b) the person of Randy Jackson was not in fact searched; at least no

drugs were recovered from his person, and (c) the name was not essential in the description and location of the premises, we hold that interlineation, although bad practice, did not vitiate the warrant. The general rule is that "where the place to be searched is otherwise properly described, the description or name of the owner or occupant is not essential, although it is the better practice to set out such matter in the warrant." 79 CJS 892, Searches and Seizures, § 81 (3).

5. There was some evidence that permission was sought and granted to search the automobile on the premises for which the warrant issued. This being so, we will not consider the question of whether the terms of the warrant were broad enough to cover the search of an automobile found on the described premises.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED OCTOBER 2, 1973 — DECIDED OCTOBER 15, 1973.

*Nunn, Geiger, Rampey, Buice & Harrington, D. L. Rampey, Jr.,* for appellants.

*Joseph B. Duke, District Attorney, Wayne B. Bradley,* for appellee.