## 51463. DAILEY v. THE STATE.

BELL, Chief Judge.

Defendant was found guilty of the possession of secobarbital in violation of the Georgia Controlled Substances Act. The trial court deferred entering an adjudication of guilt, and placed the defendant on probation under the provisions of Ga. L. 1968, pp. 324-326 (Code Ann. § 27-2727 et seq.). *Held:*

1. Defendant's pretrial motion to suppress the evidence because of an unlawful search and seizure was denied. Probable cause to search in this case was based on an informant's hearsay. Where reliance is had on an informer, the affidavit submitted must contain sufficient facts to show: (1) Reasons for the informer's reliability; (2) that the affidavit *either* specifically state how the informant obtained his information *or* describe the alleged criminal activity in such detail that the magistrate may know that it is more than a "casual rumor" circulating in the underworld or an accusation based merely on an individual's general reputation; and (3) that the information is not stale. *Bell v. State,* 128 Ga. App. 426 (196 SE2d 894). Defendant admits that the affidavit meets the first and third tests but is deficient as to the second. The affidavit stated in part: ". . . that he knew that in room 420 of Dempsey Motor Hotel at 387 Third Street, Macon, Georgia, there is today, 12/31/74 in this room 420 of the Dempsey Motor Hotel, . . . Red Devil Pills, marijuana, seconal pills." This affidavit does not show *how* the informant obtained his information. Whether the facts as recited in the affidavit give a detailed description of criminal activity, we need not decide. At the hearing to suppress the evidence, the affiant deputy sheriff testified that in addition to his affidavit, he, while under oath, orally advised the magistrate that the information was obtained by the informant through his personal

observation while present in the hotel room. Defendant contends that this oral testimony, which corrects the defects, cannot be considered because the inquiry as to probable cause must be limited to the written affidavit of the deputy. The contention has no merit. In making a determination as to whether probable cause exists, *all* the sworn evidence must be considered in its totality. *Campbell v. State,* 226 Ga. 883 (178 SE2d 257); *Johnston v. State,* 227 Ga. 387 (181 SE2d 42); *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666). The totality of the evidence in this case amply supports the finding that the warrant was based on probable cause. It was not error to deny the motion to suppress.

2. There is no merit in the contention that at a hearing to suppress evidence, the inquiry is limited only to the testimony of the judicial officer as to what he considered in issuing the search warrant. *Campbell v. State,* supra.

3. The evidence authorized the finding of guilty.

4. Defendant claims that the trial court erred in requiring the payment of a fine of $350 as a condition of his probation. The court's order reflects that the defendant was placed on probation as a first offender in accordance with Ga. L. 1968, pp. 324-326 (Code Ann. § 27-2727). Under this statute a trial court is authorized to defer further proceedings after a finding of guilt and to place a defendant on probation ". . . as provided by the Statewide Probation Act. . ." The latter statute provided in part that the trial court may ". . . in its discretion, require the payment of a fine. . . as a condition precedent to probation . . ." Code Ann. § 27-2709. No abuse of discretion has been shown. Thus, the imposition of the fine was authorized.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED NOVEMBER 3, 1975 — DECIDED DECEMBER 3, 1975.

*Charles R. Marchman, Jr.,* for appellant.
*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellee.