74877. ROWE v. THE STATE.
(361 SE2d 705)

CARLEY, Judge.

Appellant was tried before a jury on an indictment which charged her with three counts of violating the Controlled Substances Act and with one count of violating the Dangerous Drug Act. Appellant was found not guilty as to two of the Controlled Substances counts. She appeals from the judgments of conviction and sentences entered on the jury verdicts of guilty as to the remaining two counts.

1. Appellant enumerates as error the trial court's denial of her motion to suppress evidence which was obtained during two separate searches of her residence. The first search resulted from the efforts of police officers to execute a federal fugitive warrant for an individual who was known to have resided with appellant in the past. Appellant informed the officers that the individual whom they were seeking was no longer residing with her but that a search of her residence for him could be conducted. The officers accepted appellant's invitation to search her residence for the fugitive. During the course of their search, the officers discovered, in plain view, a partially smoked hand-rolled cigarette containing suspected marijuana. Appellant was placed under arrest and the officers then obtained a warrant to search the premises for contraband. Pursuant to the warrant, the officers conducted a second search and seized small amounts of marijuana and various pills, capsules and small quantities of powders.

Appellant urges that the initial search of her residence was invalid because it was conducted without a warrant and without probable cause. However, appellant consented to the officers' initial entry into her residence, and consensual searches require neither probable cause nor a warrant for their validity. See generally *Dean v. State*, 250 Ga. 77, 79-80 (2) (295 SE2d 306) (1982). While in appellant's home pursuant to her consent, the officers discovered, in plain sight, suspected marijuana. " ' "A police officer may seize what is in plain sight if, as here, he is in a place where he is constitutionally entitled to be.

[Cits.]" [Cit.]' [Cit.]" *Galloway v. State,* 178 Ga. App. 31, 34-35 (342 SE2d 473) (1986). The trial court did not err in denying the motion to suppress evidence seized in the initial search of appellant's residence.

The second search was conducted pursuant to a warrant. Appellant contends that this search was invalid because the affidavit upon which the warrant was issued did not clearly show, on its face, the existence of probable cause. However, the determination of the existence of probable cause is not necessarily limited to the four corners of the affidavit upon which the search warrant was issued. The State is allowed to show and the trial court is authorized to consider such additional sworn information as the affiant orally provided to the issuing magistrate. See *Dailey v. State,* 136 Ga. App. 866 (1) (222 SE2d 682) (1975). Moreover, in determining whether any such additional sworn information was provided to the issuing magistrate by the affiant, this court can consider not only the transcript of the pre-trial hearing, but also the trial transcript. See *Sanders v. State,* 235 Ga. 425, 431-432 (2) (219 SE2d 768) (1975). Having considered both the transcript of the hearing on appellant's motion to suppress as well as the trial transcript, we find sufficient evidence that the issuing magistrate was provided with such sworn information, both written and oral, as would authorize a finding of the existence of probable cause to search appellant's residence for contraband. "The fact that contraband was present in the house may well furnish probable cause for the issuance of a search warrant obtained after a hearing before a magistrate." *State v. Scott,* 176 Ga. App. 887, 889 (3) (339 SE2d 276) (1985).

2. Appellant enumerates as error the trial court's denial of her motion for directed verdict of acquittal as to the violation of the Dangerous Drug Act. An examination of the record reveals sufficient evidence to authorize a finding that appellant was in either sole or joint constructive possession of the dangerous drug promethazine and to sustain the conviction. *McLeod v. State,* 170 Ga. App. 415 (3) (317 SE2d 253) (1984); *Anderson v. State,* 166 Ga. App. 459, 460-461 (3) (304 SE2d 550) (1983). We find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 2, 1987.

*Alex L. Zipperer III,* for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell,*

*Assistant District Attorney*, for appellee.