A90A0817. HUNT v. THE STATE.
A90A0818. HAYES v. THE STATE.
(396 SE2d 802)

CARLEY, Chief Judge.

Appellant Hunt was indicted for violating OCGA § 16-13-32.3 by using a communication facility to facilitate a sale of cocaine. Appellant Hayes was indicted for the actual sale of the cocaine and, in addition, for possession of marijuana. They were tried jointly before a jury and found guilty. After filing separate notices of appeal, appellants have asserted similar enumerations of error raising only the general grounds. Accordingly, the two cases are hereby consolidated for appellate disposition in this single opinion.

The evidence, construed most favorably for the State, was as follows: A police informant made a tape-recorded call to appellant Hunt concerning the purchase of cocaine from appellant Hayes. Following the call, the informant was searched and given a wireless transmitter and $40 in bills which had been photocopied. The police took the informant to appellant Hunt's apartment and, after five minutes, he returned with cocaine. Pursuant to a "no-knock" search warrant, police entered appellant Hunt's apartment four hours later and found appellant Hayes lying on a bed with marijuana inches from his body and the cocaine purchase money on a nightstand beside the bed. Although appellant Hunt's sister was also on the bed, she denied possession of the marijuana and only appellant Hayes had an odor of marijuana on his breath.

*Case No. A90A0818*

1. As to appellant Hayes' conviction for the sale of cocaine, his enumeration of the general grounds has no merit. "Whether [appellant] was the individual who sold [the informant] the cocaine was a question of fact for the jury. When the evidence is viewed in a light favorable to the verdict, as an appellate court is required to do, it is found to be sufficient to enable any rational trier of facts to find the existence of the offense charged beyond a reasonable doubt. [Cit.]" *Hughey v. State*, 180 Ga. App. 375, 377 (1) (348 SE2d 901) (1986).

2. Urging that the evidence showed that others had equal access to the marijuana, appellant Hayes also enumerates as error the trial court's denial of his motion for directed verdict as to the possession of marijuana count.

"It is true that ' "(m)erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." (Cit.)' [Cit.] However, '(w)here there is evidence other than "equal access" connecting an accused to contraband, it is for the jury to determine guilt

or innocence.' [Cit.]" *Blitch v. State*, 188 Ga. App. 487, 488 (373 SE2d 227) (1988). "Just because several people were in [appellant Hunt's] apartment when the [marijuana was] found . . . does not conclusively establish that one or more of these people other than [appellant Hayes] had '*equal* access' to the contraband so as to block a finding of [appellant Hayes'] possession." (Emphasis in original.) *Heath v. State*, 186 Ga. App. 655, 657 (1) (368 SE2d 346) (1988). Although appellant Hayes did not rent the apartment, the evidence showed that he was "in and out" and had stayed there overnight. Moreover, the marijuana was found in close proximity to him, the odor of marijuana was on his breath, and appellant Hunt's sister denied possession. "The totality of the evidence was sufficient to connect [appellant Hayes] to possession of the [marijuana], even though the evidence would have authorized a finding that others had equal access to the same [marijuana]. [Cits.] When viewed in the light favorable to the verdict, as an appellate court is required to do on appeal, the evidence was sufficient to enable any rational trier of fact to find the existence of guilt of [Hayes] for the offenses charged, beyond a reasonable doubt. [Cit.] Hence, based upon the evidence cited above, the trial court did not err in refusing to direct a verdict of acquittal. [Cits.]" *Farmer v. State*, 188 Ga. App. 375, 376 (373 SE2d 68) (1988).

## Case No. A90A0817

3. OCGA § 16-13-32.3 (a) provides, in relevant part, that "[i]t shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing *or facilitating* the commission of any act or acts constituting a felony under this chapter. . . . For purposes of this Code section, the term 'communication facility' . . . includes . . . [the] telephone. . . ." (Emphasis supplied.) Appellant Hunt's reliance upon *Kelleher v. State*, 185 Ga. App. 774, 778 (2b) (365 SE2d 889) (1988), in support of her enumeration of the general grounds is misplaced. Unlike *Kelleher*, the evidence in the instant case did show the actual subsequent sale of cocaine by appellant Hayes, which felony drug violation had been "facilitated" by appellant Hunt's initial use of a telephone.

Appellant Hunt contends that she cannot be guilty of a violation of OCGA § 16-13-32.3 because she did not directly participate in the subsequent sale of cocaine. Because the provisions of 21 USC § 843 (b) are substantially the same as the provisions of OCGA § 16-13-32.3, U. S. Circuit Court cases construing the Federal law are instructive. "In order to establish the facilitation element, the [State] must show that the telephone call comes within the common meaning of facilitate—'to make easier' or less difficult, or to assist or aid. [Cits.] It is sufficient if a defendant's use of a telephone to facilitate the possession or distribution of controlled substances facilitates either his

own *or another person's possession or distribution.* [Cit.]" (Emphasis supplied.) *United States v. Phillips,* 664 F2d 971, 1032 (XI) (5th Cir. 1981). "A *prima facie* case need not include proof that the defendant committed the underlying offense, in [that] case a conspiracy, only that the accused *facilitated* its commission. [Cit.]" (Emphasis in original.) *United States v. Ward,* 696 F2d 1315, 1319 (11th Cir. 1983). We find the reasoning of *Phillips* and *Ward* to be persuasive, and we thus construe OCGA § 16-13-32.3 in the same manner as 21 USC § 843 (b) has been construed by the Federal courts. Therefore, it is immaterial to appellant Hunt's guilt under OCGA § 16-13-32.3 that she herself did not participate in the subsequent sale of cocaine that she had initially facilitated. It is likewise immaterial to appellant Hunt's guilt that she "laid down the receiver" and actually arranged the sale by conferring with appellant Hayes while off the telephone. After conferring with appellant Hayes, she returned to the telephone and relayed the terms of the sale. Thus, the telephone call in which appellant Hunt participated clearly aided in appellant Hayes' sale of the cocaine. Indeed, the evidence shows that there would have been no sale but for her telephone contact with the informant. We therefore hold that the evidence was sufficient for a rational trior of fact to find appellant Hunt guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed in Case No. A90A0817. Judgments affirmed in Case No. A90A0818. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Caleb B. Banks,* for appellants.
*Robert F. Mumford, District Attorney, William F. Todd, Jr., Assistant District Attorney,* for appellee.