A90A2066. BARKLEY v. THE STATE.
(402 SE2d 88)

SOGNIER, Chief Judge.

Andrew Barkley was convicted of possessing cocaine with the intent to distribute, and he appeals, enumerating the general grounds.

Construing the evidence to support the verdict, the transcript reveals that 54 individually wrapped pieces of crack cocaine were found by Griffin police officers when they executed a search warrant for an apartment at 214-C Kentucky Avenue. Griffin police officers had been investigating appellant and his co-defendant, Debbie Ann Williams, for approximately six to seven months before the officers, based on their own surveillance and also on information from confidential informants regarding purchases of crack cocaine from appellant and Williams a few days earlier, obtained the search warrant for the premises. There was evidence that appellant and Williams were at the apartment five months earlier when another search warrant had been executed there. Officers used a vacant apartment next to 214-C to conduct their surveillance, going there "practically every night" to watch 214-C. Keith Daniel, a narcotics officer involved in the surveillance, testified that based on the observation of appellant's activities at 214-C, he concluded that appellant resided there with Williams. A gas company bill for 214-C for the month preceding the search, addressed to appellant at 214-C and found in the apartment, was admitted into evidence. The cocaine was found in an unmarked box in the master bedroom in a locked closet containing men's and women's clothing. Williams and her child, along with one Clarence Rucker, were in the house when searched; appellant arrived while the search was in progress. Appellant had been seen leaving the apartment several hours earlier.

Appellant contends the evidence was insufficient for the jury to have concluded that he possessed the cocaine because the State failed to prove he resided in the apartment or, alternatively, because Rucker had equal access to the cocaine. We find no merit in either argument. The police surveillance of the apartment, in addition to the other evidence adduced, amply supported, if not demanded, a finding by the jury that appellant resided in 214-C. As to appellant's equal access argument, the contraband was in a closed box on the shelf in a locked closet. No explanation was set forth in the transcript for Rucker's presence in the apartment; no evidence was adduced regarding how long he had been present or whether he was a regular visitor. " 'If contraband is not in an open, notorious and equally accessible area, the equal access rule does not apply. This rule is not invoked as to persons who visit the (premises) prior to the search unless they are shown to have been on the premises either previously or frequently so as to have equal access with the defendant. (Cit.)' [Cit.]" *Nolton v. State*, 193 Ga. App. 200, 201 (2) (387 SE2d 364) (1989).

From the evidence adduced, we conclude that a rational trier of fact reasonably could have found appellant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Nolton*, supra at 201-202 (2).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 4, 1991.

*Johnny B. Mostiler*, for appellant.
*W. Fletcher Sams, District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.