## A91A1444. THE STATE v. SMITH.
### (411 SE2d 877)

SOGNIER, Chief Judge.

Rufus Smith was indicted on charges of possession of cocaine and possession of a firearm by a convicted felon. The State appeals from the trial court's grant of Smith's motion to suppress.

We reverse. The transcript of the motion hearing reveals that the trial court granted appellee's motion on the basis that the affidavit presented to the magistrate to support the warrant failed to show how the confidential informant acquired the knowledge set forth in the affidavit. The affidavit provided in pertinent part that on a given date, Officer R. L. Robinson, an officer assigned as special agent to the Tri-Cities Narcotics Squad, "received information from a confidential and reliable informant that [appellee] was using, selling and storing cocaine at [a stated location]. This confidential and reliable informant advised this officer that [appellee] (Joe Blow) was cooking cocaine every Wednesday around 10:00 to 11:00 A.M. approximately ½ kilo at a time. This informant advised that he delivers the cocaine in a white Mercedes or a Cadillac bearing tag no. ARJ188 or a smoke gray Camaro bearing tag no. ARL739. This informant advised this officer that [appellee] is one of the largest cocaine distributors in the south metro area. The above said subject has a criminal history that reveals trafficking in cocaine in violation of the Georgia Controlled Substances Act. This informant advised this officer that the above subject moves thousands of dollars of cocaine a day and that the subject owns several meat packing companies and a large amount of real estate. This informant went on to advise this Officer that his businesses were just a front for his cocaine business.

"At this time, this agent checked address given to me by informant. This address came back with the name Flora Mae Hill, 5775 Bearing Way, College Park, Georgia. This informant advised this officer that this was 'Joe Blow's' residence and advised that this is where they picked up the cocaine orders every week.

"This confidential and reliable informant has given this officer information that has proven truthful and accurate within the past 90 days that has led to the arrest of persons involved in various crimes. Said confidential and reliable informant is familiar with cocaine and its various forms and stages of distribution and usage. This confidential and reliable informant is known to this officer to have a truthful demeanor." No other information was presented by the affiant to the magistrate.

We held in *Dailey v. State*, 136 Ga. App. 866 (1) (222 SE2d 682) (1975) that "[w]here reliance is had on an informer, the affidavit submitted must contain sufficient facts to show: (1) Reasons for the informer's reliability; (2) that the affidavit *either* specifically state how

the informant obtained his information *or* describe the alleged criminal activity in such detail that the magistrate may know that it is more than a 'casual rumor' circulating in the underworld or an accusation based merely on an individual's general reputation; and (3) that the information is not stale. [Cit.]" While the above affidavit did set forth matters of a conclusory nature, it also detailed criminal activity, specifically, the "cooking" of the cocaine in half kilogram amounts on Wednesday mornings between 10:00 and 11:00 and the delivery in certain cars specifically described. We find the above affidavit no more sparse in details and averments of personal knowledge than the affidavit approved in *Futch v. State*, 178 Ga. App. 115, 116 (1) (342 SE2d 493) (1986), in which we held that "[e]ven were the discarded, two-pronged *Aguilar-Spinelli* requirement [as set forth in *Dailey*, supra] still in effect, the affidavit in the instant case would be sufficient to support issuance of the search warrant." Accordingly, under the more lenient totality of the circumstances approach in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), see *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), we find the affidavit in the case sub judice provided sufficient basis for finding probable cause. *Futch*, supra.

Furthermore, at the motion hearing, Officer Robinson testified that although he had not provided the magistrate with any further details, he had personally confirmed many other details provided by the confidential informant, who was a source Fulton County officers had used and found reliable, and had accompanied the confidential informant to appellee's house and seen them converse. Robinson also testified that he knew appellee had been previously arrested on a drug charge and had at least one drug-related conviction. Therefore, even assuming for the purpose of argument that Robinson's unsupplemented affidavit failed to establish probable cause for a belief that cocaine would be found on appellee's premises, the evidence demonstrated without dispute that Robinson, as one of the officers involved in the seizure of the contraband, acted in good-faith reliance both on the validity of the warrant and on the existence of probable cause, so as to bring the seizure of the contraband within the good-faith exception to the exclusionary rule as announced in *United States v. Leon*, 468 U. S. 897 (104 SC 3405, 82 LE2d 677) (1984). See *Rodriguez v. State*, 191 Ga. App. 241, 243 (1) (381 SE2d 529) (1989).

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 17, 1991 —
RECONSIDERATION DENIED OCTOBER 29, 1991 —

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Kenneth D.*

*Feldman, Carl P. Greenberg, Assistant District Attorneys,* for appellant.

Rufus Smith, Jr., *pro se.*

*John W. Greer III,* for appellee.