## A92A0606. PARRIS v. THE STATE.
(421 SE2d 137)

SOGNIER, Chief Judge.

Arthur Lee Parris was convicted of possession of marijuana with intent to distribute, possession of cocaine, and five counts of possession of a firearm by a convicted felon. He appeals from the denial of his amended motion for a new trial.

1. Appellant contends the trial court erred by denying his motion to suppress. We do not agree. The record reveals that on January 13, 1990, a Savannah police detective obtained a search warrant for a house at 206 Russ Circle. In the supporting affidavit, the detective averred that on January 5 he had received information from a confidential informant that there had been excessive vehicular traffic going to that address, and that a dark green Pontiac Grand Prix, which was usually parked in the driveway, was being driven by "a Muslim looking fellow with [a] physically deformed forehead." The detective stated that he was familiar with appellant; that appellant had "a physically distinctive forehead"; that he was familiar with a dark green Grand Prix driven by appellant; that appellant was not the registered owner but was frequently seen driving the car; and that appellant was listed as the person receiving electric power service at 206 Russ Circle. The affidavit further recited that on January 6, the detective had received both a "silent witness" complaint and a vice referral form regarding the premises in issue. The "silent witness" complaint, dated August 12, 1989, recited that on August 12, a Roy Kicklighter brought crack or cocaine from Miami to that address. The "silent witness" was not sure whether Kicklighter lived there or was just visiting. The vice referral form indicated that the house was the scene of prostitution and drug activity; that 14 males and females resided there; and that other people were observed entering the premises for an hour at a time.

The detective also averred that he had received an anonymous letter dated January 4, 1990, stating that the address in question was "a haven for prostitution and illegal drugs"; that crack and cocaine were delivered to the residence by cars with Florida and North Carolina plates and by Federal Express shipments; and that "girls were picked up and delivered hourly." The detective stated that he had become familiar with the operation of prostitution rings in his two years on the vice squad, and this traffic pattern was consistent with a

house of prostitution.

In addition, the affidavit contained the detective's averment that on January 13, 1990, while listening to a scanner tuned to a low frequency, he overheard and recorded a conversation on a cordless telephone between a woman and a man identified as Mohammed. The conversation concerned the delivery of multiple kilos of cocaine that evening on the south side of Savannah. As the detective continued to monitor this scanner, the same man left a message for his call to be returned at a telephone number listed to appellant at the address in question. Another police officer also identified the voice from the recording as appellant's voice. The affidavit also related that on July 17, 1989, appellant was convicted of two counts of possession of cocaine.

The search warrant for the residence was issued after the judge considered the detective's affidavit and a transcript of the phone conversation. Officers staked out the house in anticipation of the woman in the telephone conversation arriving with cocaine and continued to monitor the scanner. When the woman did not arrive by January 15, the officers executed the warrant. They discovered appellant sitting in the living room in a bathrobe. The room had the odor of burning marijuana. In appellant's pocket was an automatic pistol loaded with six rounds, a small bag of marijuana, and $510 in cash. Elsewhere in the house were two women and two young children. Appellant told the officers there were more guns in the closet, and when they searched the locked master bedroom closet, they found a suitcase containing six one-quart ziplock bags of suspected marijuana, a glass beaker, a scale, and a box of ziplock bags. Also in the closet were a hot plate with cocaine residue on top, syringes, $2,000 in cash, and four handguns. A small set of scales, rolling papers, two small plastic bags containing cocaine residue, and a jar of a powder commonly used to cut cocaine were discovered in another bedroom. In the living room, police found more rolling papers and ziplock bags and a cordless telephone.

Pretermitting the issue whether the detective's use of a scanner to overhear the conversation on the cordless telephone was prohibited under Georgia law, the trial court properly denied appellant's motion to suppress the evidence.

The affidavit may or may not have been sufficient to support issuance of a warrant under the "totality of the circumstances" standard of *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983). However, even assuming it was not sufficient, under *United States v. Leon*, 468 U. S. 897 (104 SC 3405, 82 LE2d 677) (1984) the exclusionary rule has been " 'modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective.' " Id. at 905 (I). In our effort not to punish police for a magistrate's erroneous issuance of a

warrant, in determining whether evidence obtained as a result of executing the warrant must be suppressed we look to the question of whether the officer relied in good faith upon the issuance of the warrant. See *Adams v. State*, 191 Ga. App. 916 (383 SE2d 378) (1989). " '[A] warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.' [Cit.]" *Leon*, supra at 922. "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Id. at 926. See *Adams*, supra at 917.

The record in the case at bar reveals no allegations of dishonesty or recklessness on the part of the officer or lack of neutrality on the part of the magistrate. Accordingly, we focus on whether the officer could have harbored an objectively reasonable belief in the existence of probable cause to search appellant's residence. See *Davis v. State*, 198 Ga. App. 310, 311 (401 SE2d 326) (1991). Our examination of the officer's affidavit reveals that it was not " 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,' [cit.]" *Leon*, supra at 923, which is required to warrant suppression. See *Talley v. State*, 200 Ga. App. 442, 445 (3) (408 SE2d 463) (1991). Defects such as those focused on by the dissent do not preclude the existence of objective good faith on the part of the police in relying on the validity of the warrant. Id. Based on the totality of the circumstances here, including the many independent sources from which the officer drew his suspicions regarding appellant's illegal activity, we conclude that the officer "acted in objective good faith, within the meaning of *Leon*, in both obtaining and executing the search warrant and that any deficiency in the warrant or its affidavit would not result in the invocation of the exclusionary rule." *Talley*, supra.

Accordingly, we affirm the trial court's denial of the motion to suppress.

2. Appellant's contention that the record does not contain an order either granting or denying his motion to suppress has been addressed by the transmission of a supplement to the record containing the trial court's order denying his motion.

3. Appellant contends the evidence at trial was insufficient to support his conviction on the charged offenses. We do not agree. "It is true that merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." (Citations and punctuation omitted.) *Hunt v. State*, 196 Ga. App. 694 (2) (396 SE2d 802) (1990).

However, the evidence adduced at trial showed that appellant owned the house and slept in the bedroom containing the locked closet in which the contraband was found. He claimed ownership of the guns and money found in that same closet. Although he testified he had merely discovered contraband left there by another, he failed to report the "discovery" to the police, and admitted he had taken a "pinch" of marijuana himself. Thus, the totality of the evidence was sufficient to connect appellant to the contraband and, when viewed in a light favorable to the verdict, as an appellate court is required to do, was sufficient to authorize any rational trier of fact to find appellant guilty of the crimes charged under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Hunt*, supra at 694-695. Accord *Barkley v. State*, 198 Ga. App. 477-478 (402 SE2d 88) (1991).

*Judgment affirmed. Birdsong, P. J., Carley, P. J., Pope, Beasley, Andrews and Johnson, JJ., concur. McMurray, P. J., and Cooper, J., dissent.*

COOPER, Judge, dissenting.

I must respectfully dissent as I cannot agree with the majority that the officer's affidavit demonstrated probable cause to support issuance of the search warrant. The issuing judge should not have considered the unlawfully obtained private telephone conversations. The officer's use of the scanner to intercept appellant's private cordless telephone conversations required a properly issued warrant pursuant to OCGA § 16-11-64 (b), and his recording of the conversations violated OCGA § 16-11-62. Review of the affidavit, excluding the unlawfully obtained cordless telephone conversations, reveals no probable cause.

The affidavit first represents that a confidential informant reported to the detective eight days prior to the execution of the warrant that "there has been a lot of vehicular traffic to 206 Russ Circle." The informant also stated that a "Muslim looking fellow" with a deformed forehead drove a green Grand Prix which was always parked in the driveway of the residence. However, there are no facts alleged in the affidavit to demonstrate the informant's reliability and no allegation of criminal activity. See *State v. Smith*, 201 Ga. App. 650 (411 SE2d 877) (1991). Furthermore, the evidence, without more, is not relevant to any offense with which appellant was charged. Next, the detective discussed a silent witness complaint and a vice referral form he received on January 6, seven days before the execution of the warrant. The silent witness alleged that another individual brought crack or cocaine into the residence on August 12, 1989, five months before the execution of the warrant and two-and-one-half months before appellant moved into the house. The vice referral form reported prosti-

tution and drug activity on October 2, 1989, three months before the issuance of the warrant. These observations were not " 'so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant.' [Cit.]" *Jackson v. State*, 130 Ga. App. 6 (3) (202 SE2d 206) (1973). Moreover, the information provided in the anonymous letter regarding drug deliveries and prostitution was not corroborated by the detective nor did it point to any particular place where cocaine might be found in the house. *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). These are not merely technical defects. Probable cause must be demonstrated by more than an officer's suspicions based on stale information and uncorroborated allegations. Furthermore, I cannot so easily excuse the officer's unlawful interception of appellant's private telephone conversations. The officer cannot be said to have acted in good faith in executing the search warrant when he violated the law in obtaining the warrant authorizing such search. Thus, the issuing judge did not have a substantial basis for concluding that probable cause existed, and appellant's motion to suppress should have been granted.

DECIDED JULY 16, 1992.

*William A. Dowell*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.