A92A1449. HAND v. THE STATE.
(426 SE2d 18)

ANDREWS, Judge.

Hand was tried and convicted of possession of marijuana with intent to distribute, possession of LSD and possession of drug-related objects and appeals.

Viewing the trial evidence in the light most favorable to the verdict, the contraband was found in the residence of Hand and his wife on August 7, 1990, after a search pursuant to a warrant. During the search of their residence, marijuana was found on a living room table, a cookie box containing what appeared to be liquid LSD was found in the refrigerator, and sugar cubes containing suspected LSD were located in a kitchen cabinet. Triple beams scales used for weighing the amount of various substances were also found in the home. Hand admitted that a small quantity of the marijuana found was his, but claimed that the other drugs were left in his house by an acquaintance.

1. In his first enumeration of error, Hand contends that the trial court erred in denying his motion for judgment nov, or for a new trial. This enumeration is unsupported by argument and to the extent that it is separate from Hand's other enumerations, is deemed abandoned. See *Henderson v. State*, 200 Ga. App. 200, 202 (5) (407 SE2d 448) (1991).

2. In his second enumeration, Hand argues that the trial court erred when it refused to permit him to cross-examine government witnesses with regard to the identity and conduct of the confidential informant. Hand contended at trial, and argues here, that he and his wife were not in their home at the time the confidential informant

was present and that the drugs were planted in their home. Nevertheless, although Hand's written motion to suppress sought the identity of the informant, Hand never specifically raised the issue of the informant's identity before the trial court. Hand does not cite any specific questions he asked which the trial court prohibited. In fact, during the hearing on his motion to suppress, Hand specifically informed the court that he was *not* seeking to discover the identity of the informant. Thus, there is no properly preserved error to review and the enumeration is without merit. See generally *Dobbs v. State*, 200 Ga. App. 300 (407 SE2d 782) (1991). "It is a sound rule of appellate practice that the burden is always on the appellant in asserting error to show it affirmatively by the record." (Punctuation omitted.) *Millis v. State*, 196 Ga. App. 799, 800 (4) (397 SE2d 71) (1990).

3. Thirdly, Hand contends that the trial court erred when it denied his motion to suppress because the affidavit in support of the warrant was fatally defective in that the facts given to support the issuance of the warrant were insufficient, and the reliability of the confidential informant was not sufficiently established.

The search warrant at hand was issued on August 7, 1990. In the document, the affiant, Officer Ken Jones, stated: "within the last 96 hours Commander Bill Whitener was contacted by a reliable source. Source has provided information in the past that led to the arrest of Joe Cash for violation of Georgia Controlled Substances Act on 7/20/89. Source also provided information that led to the arrest of a juvenile for violation of Georgia Controlled Substances Act on 7/11/90. Within the past 96 hours source has been at #27 Arrowhead Drive and observed a quantity of marijuana in the control and possession of Ellis Hale Hand. The information was given to affiant by Cmdr. Whitener." Jones states that he and another officer conducted an independent investigation in which they confirmed that #27 Arrowhead Drive matched the description given, that it was the Hands' residence, that the power bill was registered in the name of appellant's wife and that the vehicle in the driveway belonged to appellant.

"In making a determination as to probable cause pursuant to the totality of the circumstances test enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found at a particular place. *Mize v. State*, 173 Ga. App. 327, 328 (326 SE2d 782) (1985); *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984). The task of a reviewing court is to determine if there is substantial evidence in the record to support the magistrate's issuance of the warrant. *State v. White*, 196 Ga. App.

685, 686 (396 SE2d 601) (1990). Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. *Mincey v. State*, 180 Ga. App. 898, 900 (350 SE2d 852) (1986). Under these standards, the information in the affidavit obtained from the informant was sufficient to establish probable cause for the warrant, and the trial court correctly denied the motions to suppress." (Punctuation omitted.) *Adams v. State*, 201 Ga. App. 12, 13 (2) (410 SE2d 139) (1991); see also *State v. Smith*, 201 Ga. App. 650, 651 (411 SE2d 877) (1991).

4. In his fourth enumeration, Hand claims that under the mandates of OCGA § 17-7-211, the trial court erred in permitting the State to introduce evidence regarding a report which was not provided to him until after the trial began. The scientific report to which Hand objects identified the substance in eight bags which were seized from Hand's residence as marijuana. The analysis on the contraband was not undertaken until the day before trial, and there was no written report regarding the marijuana prior to that date. The trial court's allowance of testimony regarding the report was based on *Wellborn v. State*, 258 Ga. 570 (372 SE2d 220) (1988).

"OCGA § 17-7-211 attaches only when there is a writing. There was no writing in existence at the time the state furnished copies of other reports as required by OCGA § 17-7-211. The statute does not prohibit the prosecution from introducing evidence of scientific tests performed immediately prior to or during the trial absent a showing that the prosecution attempted to circumvent the discovery process." (Citations and punctuation omitted.) *Wellborn*, supra at 571 (1).

It is undisputed that although an analysis of the LSD which had been seized was performed prior to trial, and the result furnished to defendant, there was no written report analyzing the marijuana until the date of trial. There was no evidence that the prosecution attempted to circumvent the discovery process. Furthermore, the record reveals that the prosecution furnished the test results as soon as they became available, and the report itself was not introduced into evidence. See generally *Iona v. State*, 260 Ga. 83, 84 (3) (389 SE2d 754) (1990). Moreover, Hand did not request a continuance or recess and the record reveals that there was an opportunity for him to speak with the witness. Under these circumstances, we find no error. See generally *Carey v. State*, 257 Ga. 134, 135 (3) (356 SE2d 507) (1987).

5. In his fifth enumeration, Hand argues that the trial court erred by permitting the State to present to the jury and allow the jury to consider an item of purported contraband that was never introduced into evidence. The only instance under this enumeration which Hand specifically references, allegedly occurred during closing argument.

Because there is no transcript of the closing arguments, there is no record of the State's allegedly improper argument, and there is no record of any objection by Hand. Hand's effort to preserve this alleged error through the affidavits of three witnesses, including appellant Hand, who claim to have seen the State's argument and witnessed Hand's objection are unavailing. The error was not properly preserved and the enumeration is without merit. See generally *Williams v. State*, 200 Ga. App. 84, 85 (1) (406 SE2d 498) (1991). "Absent a transcript, we must assume the ruling of the trial court is supported by the evidence." (Citations and punctuation omitted.) *Collins v. State*, 200 Ga. App. 71, 72 (2) (406 SE2d 520) (1991).

6. Finally, Hand contends that the trial court erred when it refused in some instances, and severely restricted in other instances, the defendant's examination of government witnesses during the hearing on his motion for new trial. With neither citations to the record, nor citations of authority, Hand generally asserts that the trial court erred in restricting his efforts to examine government witnesses regarding the confidential informant and the issuance of the search warrant. Here, as in Division 2 above, Hand has failed to show error affirmatively by the record and this enumeration is without merit. *Millis*, supra.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 9, 1992 —
RECONSIDERATION DENIED NOVEMBER 30, 1992.

*Karen S. Wilkes, James A. Robbins, Jr.*, for appellant.
*Stephen F. Lanier, District Attorney, Tambra P. Colston, Assistant District Attorney*, for appellee.