A92A1846. WILLIAMS v. THE STATE.
A92A2082. BUTLER v. THE STATE.

(429 SE2d 153)

BIRDSONG, Presiding Judge.

Larry Bernard Williams and Evelyna Ree Austin Butler appeal their convictions for possession of cocaine with intent to distribute. Williams and Butler were tried jointly with two others. Their appeals are here consolidated.

The evidence viewed most favorably to the jury's verdict (*Rigenstrup v. State,* 197 Ga. App. 176, 181 (398 SE2d 25)) shows that law enforcement officers searched a mobile home where appellant Larry Williams and his girl friend appellant Evelyna Butler lived with Williams' mother, co-defendant Juanita Williams and her husband, co-defendant Freddie Swain. Five pieces of cocaine weighing 1.1 grams were found in a pocketbook in the master bedroom occupied by appellant Williams' mother and her husband. This bedroom was locked with a chain which had to be broken by officers to enter. A piece of cocaine weighing less than one gram was found beneath a sofa-bed in the den, where some children slept. On the den floor was found $252 in cash. No cocaine was found in appellants Williams' and Butler's bedroom; officers found an unloaded shotgun in appellants' bedroom and a loaded pistol underneath the mattress, and appellant Williams had $158 in cash in his wallet.

Testified to by a law officer and admitted in evidence was appellant Larry Williams' written statement: "It was my drugs and not my mother and father's. I hid the drugs in the trailer in my room, crack cocaine. The drugs were in my mother and father's room." Appellant Evelyna Butler testified she was a resident of Pennsylvania but had been staying with her co-defendants for several months. *Held:*

*Case No. A92A1846*

1. After an officer testified as to appellant Williams' written statement, the witness testified that in interviews, the other co-defendants denied possession of the cocaine. Larry Williams moved for mistrial and asserts error on the basis that it was error to admit other co-defendants' statements implicating Williams when those co-defendants did not testify and were not available for cross-examination. See *Hall v. State*, 161 Ga. App. 521, 522 (1) (289 SE2d 313). However, in the first place, the statement of the co-defendants did not implicate Williams or any other person in possession of the cocaine. It simply denies their own possession. Moreover, even assuming error, the trial court sustained Williams' objection, admonished the prosecutor, and instructed the jury to give that question and answer no consideration. Defense counsel did not immediately move for mistrial, but did so only after questioning on an unrelated subject. On motion for mistrial, the trial court again told the jury to give no consideration to the question and answer and to disabuse their minds of it. Even assuming there was objectionable error and that the motion for mistrial was timely made (see *Cantrell v. State*, 201 Ga. App. 93, 95 (410 SE2d 193)), we are satisfied that the trial court adequately cured any misimpression of the jury and did not abuse its discretion in denying a mistrial. See *Moss v. State*, 200 Ga. App. 253, 254 (407 SE2d 477).

2. During deliberations the jury asked whether Williams' statement was struck from the record or had been admitted in evidence. Evidently the jury's confusion on this point arose from the trial court's admonition not to consider the "question and answer" as to the other co-defendant's denial of possession, which was made immediately after testimony concerning Williams' statement. The trial court simply advised the jury that "an alleged statement by [Williams] has been admitted into evidence," and then recharged the jury on the law of admissions.

In support of his allegation of error on this point, appellant implies in his brief that his statement was never admitted in evidence. This is incorrect. Williams' statement was admitted in evidence; the trial court correctly so informed the jury and did not err or cause appellant prejudice by restating the law on admissions, and cautioning the jury to receive any alleged statement with caution as to its voluntariness and merit.

3. We have reviewed the evidence and find it sufficient to enable any rational trier of fact to find appellant Williams guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, he could not have been entitled to a directed verdict of acquittal.

## Case No. A92A2082

4. We reverse the conviction of Evelyna Ree Austin Butler. The State showed no evidence associating appellant Butler directly or indirectly with the cocaine found, except by her presence. The search was conducted under a "no-knock" warrant at 2:00 a.m. The cocaine in Juanita Williams' purse was locked in Juanita Williams' bedroom; this bedroom door was barred by a chain which the officers had to break to enter. The other small amount of cocaine was beneath the sofa-bed in the den where children slept and which was freely accessible to all persons in the mobile home, including juveniles and two other female guests who were not charged with a crime even though a plastic bag containing cocaine residue was found in their bedroom. Appellant Evelyna Butler did not own or lease the mobile home and no cocaine was found on her person or in her bedroom. Any evidence that she possessed cocaine with intent to distribute is constructive and is entirely circumstantial as to her presence in the trailer and her occupancy of Larry Williams' bedroom, where no cocaine was found.

We have consistently held that merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. *Carroll v. State*, 202 Ga. App. 544, 546 (415 SE2d 37); *Hunt v. State*, 196 Ga. App. 694 (396 SE2d 802). Where there is evidence other than a defendant's own equal access connecting an accused to contraband, it is for the jury to determine guilt or innocence. As in *Nations v. State*, 177 Ga. App. 801 (341 SE2d 482), there is no evidence connecting appellant Butler to the cocaine other than her equal access to it. The State has apprised us of no evidence that Butler had access to Juanita Williams' and Freddie Swain's bedroom, which was bolted with a chain. This chain was placed on that door presumably to keep others out besides the police, whom it would not deter. There is no evidence that appellant Butler had any connection to the cocaine residue found in the bedroom occupied by the two female guests, who were not charged, or to the cocaine found underneath the sofa-bed in the den, other than her equal access to it along with everyone who entered the trailer. Her "equal access" to the cocaine is not like that of the defendant in *Hunt*, supra. Butler denied possession of the cocaine and appellant Larry Williams stated affirmatively that the cocaine was his and that he "hid the drugs" in his room and placed it in his mother's bedroom. Williams did not implicate Butler; to the contrary, his statement shows he "hid the drugs," either in his room or in his mother's room which was kept chained. The evidence does not support a finding beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis, per *Jackson v. Virginia*, supra,

that appellant Evelyna Butler was in knowing actual or constructive possession of cocaine with intent to distribute.

Moreover, the jury charge of the trial court erroneously instructed the jury that they should acquit the defendants if they found that "persons other than the defendants in this case had equal opportunity to possess . . . the contraband." Specific objection was made but the charge was not corrected. Although the charge as a whole required a finding of "knowing" possession, the slanting of this statement on "equal access" might have authorized the jury to convict Butler solely based on her equal access to or proximity to the drugs with others, even though there was no additional evidence other than her equal access to connect her with the drugs.

*Judgment affirmed in Case No. A92A1846. Judgment reversed in Case No. A92A2082. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 12, 1993.

*Ernie M. Sheffield*, for appellant (case no. A92A1846).
*Conger & Fryer, Paul Fryer*, for appellant (case no. A92A2082).
*J. Brown Moseley, District Attorney*, for appellee.