## A07A1425. MILLER v. THE STATE.

(651 SE2d 103)

BARNES, Chief Judge.

Dominique P. Miller appeals his conviction for trafficking in methamphetamine, for which he was sentenced to 30 years, with 20 in confinement. He contends that the trial court erred in denying his motion to suppress evidence found while searching his motel room, and that the evidence was insufficient. For the reasons that follow, we affirm.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Campbell v. State,* 278 Ga. 839, 840-841 (1) (607 SE2d 565) (2005). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id. Further, we review the trial court's factual findings on a motion to suppress to determine whether the ruling was clearly erroneous, and if the evidence is not controverted we review de novo the trial court's application of the law to undisputed facts. *Vansant v. State,* 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

Viewed in that light, the evidence established that several police officers responded to a call reporting a burglary in progress at a self-storage facility where Miller was organizing his storage space. The reported burglar was never found, but one of the officers recognized a woman standing outside the facility as a methamphetamine user she had arrested several months earlier. The woman told the officer she was staying with Miller, who denied it and said they were just friends. When asked who was staying with him in his motel room,

Miller said only his 11-year-old son, who was there alone. Miller agreed to accompany the officers to the hotel so they could check on the child's welfare. After waking the sleeping child and determining that he was fine, the officers asked Miller if he minded if they searched the room for weapons. Miller responded that they could search for whatever they wanted.

An officer opened the desk drawer and found a plastic bag containing a small amount of crystal methamphetamine and an external hard drive, which Miller claimed was his. Inside the hard drive the police found another plastic bag containing 170.53 grams of crystal methamphetamine. A narcotics detective experienced in drug sales testified that a personal user might have one to three grams of the drug, but that only someone dealing drugs would possess 170 grams, which was worth about $15,000. The police also found a notebook on the desk with Miller's paperwork and a ledger tracking what appeared to be drug amounts and payments.

1. Miller argues that the trial court erred in denying his motion to suppress the evidence found in his motel room because his consent was "deceitfully obtained." He consented, he said, because the officers falsely advised him that the woman who was supposed to be babysitting his son had been arrested for drug possession, and they wanted to search Miller's room to see if she had left any drugs or weapons.

A search based on voluntary consent usually eliminates the need for a search warrant or probable cause. *Buckholts v. State*, 247 Ga. App. 697, 699 (2) (545 SE2d 99) (2001). The State must prove that the consent was voluntary and not the result of "duress or coercion, express or implied." *Code v. State*, 234 Ga. 90, 93 (3) (214 SE2d 873) (1975). Both officers testified that they asked Miller if they could search for hidden weapons, not for the babysitter's drugs and weapons, and both testified that Miller replied they could search for whatever they wanted. Miller admitted that he gave the officers permission to search the room for any drugs or weapons his babysitter left, but argues that the police committed "trickery and deceit" because they said they were looking for evidence to prosecute the babysitter while they were really looking for evidence to prosecute Miller.

Miller voluntarily accompanied the officers to his hotel room, and thus his consent was not the product of an illegal detention, as was the invalid consent in *Baker v. State*, 277 Ga. App. 520, 524 (2) (627 SE2d 145) (2006). At the suppression hearing, one of the officers expressly testified that Miller was *not* told that the officers wanted to search his room to determine if the babysitter had left any weapons or drugs, contrary to Miller's testimony. We must accept the trial court's ruling at a suppression hearing as to the officers' credibility regarding a defendant's consent to a search, unless that ruling is

clearly erroneous. *Randolph v. State*, 246 Ga. App. 141, 146 (3) (a) (538 SE2d 139) (2000). Here, the trial court's factual finding that Miller's consent was "not a product of any misstatement, deception, or purported illegality committed by the arresting officers" is not clearly erroneous, and the trial court properly denied Miller's motion to suppress. *Butler v. State*, 272 Ga. App. 557, 559 (612 SE2d 865) (2005).

2. Miller contends that insufficient evidence supports his conviction, arguing that he was convicted "simply because the contraband was found in a hotel room registered in his name where he was staying." He claims that his babysitter had "equal access" to the room and was the last adult in there before the police came, and therefore, absent other evidence connecting him to the drugs, the evidence is insufficient.

Merely finding contraband on premises occupied by a defendant is insufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. *Williams v. State*, 207 Ga. App. 782, 784 (4) (429 SE2d 153) (1993). If the State presents additional evidence connecting a defendant to contraband, however, the jury must determine guilt or innocence. *Smith v. State*, 235 Ga. App. 223, 226 (510 SE2d 295) (1998). In this case, the State did not rely solely on the fact that the drugs were found in Miller's hotel room; it also presented evidence that a large bag of methamphetamine was found inside a hard drive which Miller expressly claimed as his own. This fact constituted additional evidence that the methamphetamine belonged to Miller, and therefore the evidence as outlined above was sufficient for a rational trier of fact to find Miller guilty beyond a reasonable doubt of trafficking in methamphetamine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED AUGUST 9, 2007.

*Bill W. Crecelius, Jr.*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.